IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRANDON CHARLES WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-064 |
| | ) | (Formerly CR 115-077) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner Brandon Wright filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

### A. Indictment

On August 4, 2015, the grand jury in the Southern District of Georgia charged Petitioner with one count of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and § 846. United States v. Wright, CR 115-077, doc. no. 3 (S.D. Ga. June 10, 2016) (hereinafter "CR 115-077"). Because Petitioner had a prior felony drug conviction, the charge carried a maximum term of

life imprisonment. CR 117-082, doc. no. 4. The Court appointed attorney Page A. Pate to represent Petitioner. See id., doc. no. 16.

**B. Agreement to Plead Guilty**

On January 19, 2016, Petitioner waived his right to trial by jury and pleaded guilty to Count 1 of the indictment. Id., doc. nos. 275-277. In exchange for the guilty plea, the government agreed to (1) not object to a recommendation for a two-point acceptance of responsibility reduction; (2) move for an additional one-point reduction under the Sentencing Guidelines if Petitioner's offense level was sixteen or greater prior to the acceptance of responsibility reduction; and (3) consider filing a motion, based on any "substantial assistance" provided by Petitioner, for downward departure under U.S.S.G. § 5K1.1 or requesting a reduction of Petitioner's sentence under Fed. R. Crim. P. 35. Id., doc. no. 277, p. 4. The parties also stipulated the offense involved at least 112 but fewer than 196 grams of cocaine base, at least 40 kilograms but less than 60 kilograms of marijuana for purposes of U.S.S.G. § 2D1.1, and other specific offense characteristics pursuant to U.S.S.G. § 2D1.1(b) did not apply. Id.

Petitioner's plea agreement contained the following factual basis for his guilty plea:

> That beginning on or about August 17, 2013, the exact beginning date being unknown to the Grand Jury, and continuing until the return of this indictment, in Jefferson County, within the Southern District of Georgia, and elsewhere, the defendant herein, BRANDON CHARLES WRIGHT, did knowingly and intentionally combine, conspire, confederate, and agree together with other persons known and unknown, to commit certain offenses against the United States, that is, to distribute and to possess with intent to distribute marijuana and cocaine base, Schedule I and II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and 846. With respect to BRANDON CHARLES WRIGHT as a result of his own conduct, and the conduct of other conspirators, it was reasonably foreseeable to him that this conspiracy involved marijuana and cocaine base in violation of Title 21, United States Code, 841(b)(1)(c).

Id. at 2.

By signing the Plea Agreement, Petitioner "entirely waive[d] his right to a direct appeal of his conviction and sentence on any ground" unless the Court (1) sentenced him above the statutory maximum, (2) sentenced him above the advisory Sentencing Guidelines range, or (3) the government appealed the sentence. Id. at 7-8. Absent one of those three conditions, "[Petitioner] explicitly and irrevocably instruct[ed] his attorney not to file an appeal." Id. Petitioner also "entirely waive[d] his right to collaterally attack his conviction and sentence on any ground and by any method," except based on a claim of ineffective assistance of counsel. Id. By signing the Plea Agreement, Petitioner additionally attested he "read and carefully reviewed this agreement" with counsel and "that his attorney has represented him faithfully, skillfully, and diligently, and [Petitioner] is completely satisfied with the legal advice given and the work performed by his attorney." Id. at 9, 11.

**C.     Sentencing**

The United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-nine, Criminal History Category at VI, and Guidelines imprisonment range at 151 to 188 months. PSI ¶¶ 25, 34, 60. The government raised no objection to the PSI. PSI Addendum, p. 1. Petitioner objected to the career offender enhancement under U.S.S.G. § 4B1.1 and 4B1.2, arguing the guidelines were unconstitutionally vague in light of Johnson v. United States, 135 S.Ct. 2551 (2015). Id. The probation office maintained the career offender application had been properly applied. Id. at 2.

The PSI set Petitioner's base offense level for Count One at twenty-six, pursuant to

U.S.S.G. § 2D1.1(c)(7). PSI ¶ 16. Petitioner's offense level for Count One increased to thirty-two after an enhancement for having two or more prior convictions for crimes of violence or controlled substance offenses, pursuant to U.S.S.G. § 4B1.1. PSI ¶ 22. This offense level decreased three points for acceptance of responsibility resulting in a total offense level of twenty-nine. PSI ¶¶ 23-25.

Petitioner received six criminal history points for adult felony convictions pursuant to U.S.S.G. § 4A1.1(a): (1) three points for a 2005 felony conviction for distribution of marihuana; and (2) three points for a 2010 felony conviction for possession of marihuana with intent to distribute. PSI ¶¶ 29-30. Accordingly, Petitioner's criminal history score of twelve established a criminal history category of IV. PSI ¶ 36. Petitioner's criminal history category was then increased to VI based on his career offender status for prior convictions for (1) distribution of marihuana and (2) possession of marihuana with intent to distribute pursuant to U.S.S.G. § 4B1.1(b). PSI ¶ 34. Based on a total offense level of twenty-nine and a criminal history category of VI, Petitioner's guideline imprisonment range was between 151 and 188 months. PSI ¶ 60.

At the sentencing hearing, Mr. Pate and Mr. Harvey requested the Court sentence Petitioner below the guideline range. CR 115-077, doc. no. 512, p. 11. In support of this request, Mr. Pate and Mr. Harvey spoke to Petitioner's criminal history and how his past convictions were for marijuana offenses. Id. at 7. They noted two of Petitioner's codefendants had been sentenced outside of the guideline range. Id. at 9. Petitioner made a statement on his own behalf, apologizing to the Court and noting the steps he was taking to avoid making the same mistakes. Id. at 4-5. The government opposed a sentence outside the guideline range, noting that the two codefendants referenced by Mr. Pate and Mr. Harvey

were given lower sentences resulting from a statutory maximum and cooperation. Id. at 17-18. Judge Hall sentenced Petitioner to 151 months incarceration and three years of supervised release. Id. at 22. In keeping with the terms of the plea agreement, Petitioner did not file a direct appeal.

At the time of sentencing, on June 8, 2016, Petitioner was serving a state sentence. Petitioner had been in federal custody since August 19, 2015 on a writ of *habeas corpus ad prosequendum*. Because Petitioner was serving a state sentence, the time Petitioner spent in federal custody from August 19, 2015 to June 8, 2016 was credited against his state sentence and not his new federal sentence. To remedy the situation, Mr. Pate and Mr. Harvey asked the Court to consider ordering Petitioner's federal sentence to run from August 19, 2015 or, alternately, to order Petitioner's state and federal sentences to run concurrently. Id. at 15-16. Judge Hall ordered the 151-month federal sentence to be served concurrently with Petitioner's state sentence. Id. at 22.

**D. § 2255 Proceedings**

Petitioner then timely filed the instant § 2255 motion to vacate, set aside, or correct his sentence, raising the following claim:

1. Counsel rendered ineffective assistance for failing to notify the Court that a variance was the only way Petitioner could receive credit toward his 151-month federal sentence for his time in federal custody between August 19, 2015 and June 8, 2016.

(See generally doc. no. 1.)

## II. DISCUSSION

### A. No Evidentiary Hearing Required

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004).

While ineffective assistance of counsel claims often require a hearing for development of an adequate record, an evidentiary hearing is not required every time such a claim is raised. Rosin v. United States, 786 F.3d 873, 878-79 (11th Cir. 2015); Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). For example, because the deficient performance prong of ineffective assistance is judged by "whether counsels' representation fell below an objective standard of reasonableness, not whether counsel could provide some explanation for their actions," an evidentiary hearing exploring strategic decisions is not automatically required. Thomas v. United States, 596 F. App'x 808, 810 (11th Cir. 2015). When the Court "can conceive of a reasonable motivation for counsel's actions, [it] will deny

a claim of ineffective assistance without an evidentiary hearing." Gordon v. United States, 518 F.3d 1291, 1302 (11th Cir. 2008). Because Petitioner's claims lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

### B. Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. United States, 538 U.S. 500, 505 (2003); United States v. Armstrong, 546 F. App'x 936, 940 (11th Cir. 2013). Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001).

Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. Indeed, "strategic choices are 'virtually unchallengeable.'" Provenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998) (citing Strickland, 466 U.S. at 690). "[A] court should be highly deferential to those choices made by defense counsel in the conduct of a trial that are arguably dictated by a reasonable trial strategy." Devier v. Zant, 3 F.3d 1445, 1450 (11th Cir. 1993). To show that an attorney's choice of strategy is unreasonable, a petitioner must show that no competent counsel would have made such a choice. Strickland, 466 U.S. at 690.

Thus, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." Ward v. Hall, 592 F.3d 1144, 1164 (11th Cir. 2010) (citing Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995)).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

A petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal

quotations omitted). Indeed, the Court must examine the entirety of counsel's performance and the effect of such "in light of the record as a whole to determine whether it was reasonably probable that the outcome would have been different." Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989). Furthermore, "where the alleged error of counsel is a failure to investigate or discovery potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Hill v. Lockhart, 474 U.S. 52, 60 (1985).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012), *cert. denied*, 568 U.S. 966 (2012). In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Thus, a petitioner must prove "serious derelictions" in counsel's advice regarding the plea. Stano v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991) (*en banc*) (citations omitted). Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Hill, 474 U.S. at 56-59.

### C. Petitioner Is Not Entitled to Relief on the Ineffective Assistance Claim in Ground One

Petitioner asserts Mr. Pate and Mr. Harvey provided ineffective assistance in the sentencing phase because they failed to obtain credit against his federal sentence for the time

he spent in pretrial detention, which was credited against his state sentence, between August 19, 2015 and June 8, 2016. (Id.) at 5. Their representation was neither deficient nor prejudicial.

Petitioner was not entitled to the credit he seeks pursuant to 18 U.S.C. § 3585(b), which provides as follows:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C.A. § 3585 (West). Pursuant to this code section, "a defendant can receive credit for time served only if the specified time period has not been credited against another sentence." Castillo v. Fed. Corr. Inst. of Tallahassee, 163 F. App'x 803, 804 (11th Cir. 2006). Because it is undisputed Petitioner received credit against his state sentence for the period of time he was in federal pretrial detention, Petitioner was not entitled to a second credit against his federal sentence. Id.

Defense counsel exhausted every resource at their disposal to obtain the best sentence possible despite this absolute double credit prohibition. First, Messrs. Harvey and Mr. Pate asked for a downward variance to reduce Petitioner's sentence by two years. Doc. no. 512, p. 15. Judge Hall rejected the request and sentenced Petitioner at the bottom of the guideline range, citing Petitioner's career offender status and history of convictions for distribution of marijuana and aggravated assault. Id. at 15-16. Next, defense counsel asked for consideration of the fact Defendant's period of pretrial detention would be credited against his state sentence but not his federal sentence, requesting Petitioner's federal sentence run

from the first day of his pretrial detention or his state and federal sentences run concurrently. The former proposal would have run headlong into § 3585. Judge Hall chose the latter, which significantly benefitted Petitioner by running the sentences running concurrently from June 8, 2016, the date of his federal sentencing, to July 30, 2018, the date his state term expired. For these reasons, defense counsel's performance was neither ineffective nor prejudicial.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 18th day of September, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA